870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick M. ZILL, Plaintiff-Appellant,
v.
AVIS RENT A CAR SYSTEM, INC., Defendant-Appellee.
 No. 88-3686.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1989.
 
 Before BOYCE F. MARTIN Jr. and RYAN, Circuit Judges, and JOHN W. POTTER*, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal of a wrongful discharge case. Patrick M. Zill was hired by Avis Rent A Car System, Inc. on August 5, 1983 and after repeated warnings was fired on March 26, 1984 for failure to properly record the transactions which were required in his job. He sued Avis in state court and the case was removed to federal court where summary judgment was granted. We affirm.
 
 
 2
 Zill was employed under an oral at will agreement by Avis as a used car salesman in its Columbus, Ohio sales location. In this job he was required to complete a number of forms for each car that he sold. They included a buyer's order, a bill of sale, a data base form and a warranty application. Zill testified in a deposition taken before trial that he understood his responsibilities and knew that the proper completion of these forms was a part of his job. He also acknowledged that he had failed to complete these forms or had filled them out incompletely on a number of occasions. Prior to his discharge he was given at least two verbal warnings and a written warning regarding his failure to fill out the forms properly.
 
 
 3
 In granting the summary judgment the district court found that under no set of facts could Zill be, under Ohio law, anything other than an employee at will, subject to discharge at the discretion of his employer. See Mers v. Dispatch Co., 19 Ohio St.3d 100 (1985). Zill argues here that the employee handbook and the oral comments of Avis' agent created a enforceable binding employment contract. Zill offered and we can see no evidence of a meeting of the minds as to the creation of an employment contract. Thus we see no error in granting summary judgment.
 
 
 4
 Zill also argues that it was an abuse of the trial court's discretion to deny his motion to amend his complaint so as to allege a claim for past due commissions. We see no abuse in that the motion was filed after discovery was complete and just prior to a scheduled trial.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable John W. Potter, United States District Court Judge for the Northern District of Ohio, sitting by designation